UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

X AUTO IMPORT & EXPORT CORP.,

           Debtor.

_____/

JACQUELINE CALDERIN AS CHAPTER 7
TRUSTEE,

           Plaintiff,

-vs-

CAPITAL ONE BANK (USA),
NATIONAL ASSOCIATION a/k/a
CAPITAL ONE,

           Defendant.

_____/

Case No. 24-13406-RAM

Chapter 7

Adv. Pro. No. _____

## COMPLAINT

COMES NOW, Plaintiff, JACQUELINE CALDERIN as Chapter 7 Trustee (hereinafter "Trustee") in the above-styled matter, and sues the Defendant, Capital One Bank (USA) National Association a/k/a Capital One (hereinafter "Capital One" or "Defendant"), and states the following in support hereof:

1.     X Auto Import & Export Corp. ("Debtor") filed a voluntary petition (the "Petition") under Chapter 7 of Title 11 of the United States Code on the 9th day of April 2024 (the "Petition Date"), commencing Bankruptcy Case No. 24-13406-RAM (the "Bankruptcy Case").

2.     The Trustee, Plaintiff herein, is the duly-appointed and permanent Chapter 7 Trustee in the Bankruptcy Case.

3.     This Court has jurisdiction over this matter, venue is proper in this Court, and all parties hereto are *sui juris*.

4.  Prepetition, the Debtor wrongfully paid or transferred to the Defendant no less than the sum of $25,539.58 (the "**Two-Year Transfers**") as identified on the attached Exhibit "1".

5.  Further, Debtor wrongfully paid or transferred to the Defendant, within four (4) years pre-petition, no less than the sum of $66,834.30 (as identified on Exhibit "2" hereto) (the **"Four-Year Transfers"**).

6.  Debtor was insolvent at all times material in regard to each of the sued-upon transfers, as the Debtor: a) was not paying its debts as they generally came due at the time of each of the sued-upon transfers; b) had pre-existing debts; and, otherwise, had liabilities which exceeded the true value of its assets.

7.  At all times material, Debtor had pre-existing debts owed to creditors prior to each of the aforesaid sued-upon transfers, including, but not limited to, the following:

    a.  NextGear Capital, Inc was owed, on loan account ending 6027, the sum of $80,525.10, for debt incurred on or about March 26th, 2019;

    b.  First Bank d/b/a CarBucks Floor Plan was owed the sum of $8,753.31 for debt incurred on or about August 28th, 2020;

    c.  Axle Funding, LLC, was owed, on loan account ending 8269, the sum of $31,936.08 for debt incurred on or about July 27th, 2021; and,

    d.  Wells Fargo Bank was owed, on loan account ending 4552, the sum of $103,469.60 for debt incurred on or about April 26th, 2019.

8.  The *transfers* identified herein were payments made for the benefit of third parties in exchange for less than reasonably equivalent value to the Debtor.

9.  The sued-upon transfers were not for an obligation or debt of the Debtor, nor payment of an obligation the Debtor owed the Defendant.

10. To the extent that Defendant asserts that the sued upon transfers were in exchange for the use of a credit card, said credit card was not authorized by Debtor, was not Debtor's account, was used for personal expenses unrelated to Debtor, was not a corporate card account, was no more than a personal account with a "business" label placed thereon, and Debtor did not charge or use said card or account.

11. Prior to filing this lawsuit, the Trustee made a written pre-suit demand (Exhibit "3" hereto) upon Defendant requesting evidence for the basis of the sued-upon transfers herein, and Defendant failed to provide documentary evidence to establish that reasonably equivalent value was given to the Debtor as consideration for the sued-upon transfers herein.

## COUNT I – FRAUDULENT TRANSFERS (11 U.S.C. Sec. 548(a)(1)(B))

12. Paragraphs 1 through 4 and 6 through 11 are herein re-averred and re-alleged.

13. The **Two-Year Transfers** were transfers of property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that were made or incurred by Debtor within two years before the Petition Date.

14. The Debtor received less than reasonably equivalent value in exchange for the **Two-Year Transfers**; and the Debtor:

   a. was insolvent on the dates of the said **Two-Year Transfers**, or became insolvent as a result of such **Two-Year Transfers**;

   b. was engaged in business or a transaction, or was about to engage in business in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or,

3

    c.    intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay such debts as they matured.

15. Debtor was insolvent at the time of each of the sued-upon **Two-Year Transfers** or became insolvent at the time of each of the sued-upon **Two-Year Transfers**, as it was not generally paying its debts as they came due and its liabilities exceeded the value of its assets.

16. The Trustee is entitled to recover the Two-Year Transfers plus pre-judgment and post-judgment interest thereon.

WHEREFORE, the Trustee demands (pursuant to 11 U.S.C. Sec.'s 544, 548, 550 and 551) judgment in the Trustee's favor avoiding the **Two-Year Transfers**, awarding the Trustee recovery of the **Two-Year Transfers** or value thereof, pre-and post-judgment interest, and such other relief that this Court deems equitable and just.

## COUNT II – FRAUDULENT TRANSFERS (Fla. Stat. Sec. 726.106(1))

17. Paragraphs 1 through 3 and 5 through 11 are herein re-averred and re-alleged.

18. The **Four-Year Transfers** were transfers of property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that were made or incurred within four years before the Petition Date.

19. The Debtor received less than reasonably equivalent value in exchange for each of such **Four-Year Transfers**.

20. At the time of each of the **Four-Year Transfers**, the Debtor had creditors whose claims arose prior to the **Four-Year Transfers**.

21. Debtor was insolvent at the time of each of the sued-upon **Four-Year Transfers** or became insolvent at the time of each of the sued-upon **Four-Year Transfers**, as it was not generally paying its debts as they came due and its liabilities exceeded the value of its assets.

4

22.       The Trustee is entitled to avoid and recover these **Four-Year Transfers** plus pre-judgment and post-judgment interest thereon.

WHEREFORE, the Trustee demands (pursuant to 11 U.S.C. Sec.'s 544, 550, 551 and, Fla. Stat. Ch. 726), judgment in the Trustee's favor avoiding the **Four-Year Transfers**, awarding the Trustee the recovery of the **Four-Year Transfers** or value thereof, plus pre-and post-judgment interest, and such other relief which this Court deems equitable and just.

### COUNT III – FRAUDULENT TRANSFERS (Fla. Stat. Sec. 726.105(1)(b))

23.       Paragraphs 1 through 3 and 5 through 11 are herein re-averred and re-alleged.

24.       The **Four-Year Transfers** were transfers of property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that were made or incurred before the Petition Date.

25.       Claims of creditors of the Debtor arose prior to and after the **Four-Year Transfers** being made by the Debtor to Defendant.

26.       Each of the **Four-Year Transfers** were made without the Debtor having received reasonably equivalent value in exchange for each of the **Four-Year Transfers**, and the Debtor:

a.   was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; or

b.   intended to incur, or believed or reasonably should have believed that Debtor would incur, debts beyond Debtor's ability to pay as they became due.

27.       Debtor was insolvent at the time of each of the sued-upon **Four-Year Transfers** or became insolvent at the time of each of the sued-upon **Four-Year Transfers**, as it was not generally paying its debts as they came due and its liabilities exceeded the value of its assets.

5

28.     The Trustee is entitled to avoid and recover these **Four-Year Transfers** plus pre-judgment and post-judgment interest thereon.

WHEREFORE, the Trustee demands (pursuant to 11 U.S.C. Sec.'s 544, 550, and 551; and Fla. Stat. Ch. 726) judgment in the Trustee's favor avoiding the **Four-Year Transfers,** awarding the Trustee the recovery of the **Four-Year Transfers** or value thereof plus pre-and post-judgment interest, and such other relief which this Court deems equitable and just.

## COUNT IV—UNJUST ENRICHMENT

29.     Paragraphs 1 through 3 and 5 through 11 are herein re-averred and re-alleged.

30.     Debtor conferred a benefit on Defendant by virtue of the **Four-Year Transfers**.

31.     Defendant voluntarily accepted and retained the benefits conferred, which were the **Four-Year Transfers**.

32.     The circumstances render Defendant's retention of the **Four-Year Transfers**, which was the benefit conferred on them by Debtor, and is inequitable unless Defendant pays Debtor the value of the **Four-Year Transfers**.

33.     Among the reasons it would not be equitable for Defendant to retain the **Four-Year Transfers** are: Debtor never owed anything to Defendant and these transfers amount to a windfall at the cost and expense of the true creditors of the Debtor at the time of each transfer and thereafter; Debtor obtained no benefit from the transfers; the legitimate creditors of the Debtor did not receive the benefit of the transfers; it would now be cost-prohibitive for the creditors to sue and recover the transfers; and, the instant Defendant should recover from the true parties who owed/used said debts which were paid by the transfers, not the Debtor.

34.     Defendant was unjustly enriched by virtue of the Four-Year Transfers.

6

WHEREFORE, the Trustee respectfully requests the Court to enter a Judgment in favor of the Trustee: A) granting money damages in the amount of the Four-Year Transfers, for the benefit of Debtor's bankruptcy estate, plus pre-and post-judgment interest, and reasonable attorneys' fees and expenses, to the extent permissible by applicable law; and, B) granting such other and further relief as may be equitable and just.

JAMES B. MILLER, P.A.
Trustee's/Plaintiff's Counsel
19 West Flagler Street, Suite 416
Miami, Florida 33130
Telephone: (305) 374-0200
Facsimile: (305) 374-0250
jbm@title11law.com

By: _____/s/_____
JAMES B. MILLER, ESQ.
Fla. Bar No. 0009164

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

By: _____/s/_____
JAMES B. MILLER, ESQ.
Fla. Bar No. 0009164

# Exhibit "1" (Two-Year Transfers)

| | Elec[1] | Date | Amount | From Acct#[2] |
|---|---|---|---|---|
| 1 | Elec | 11/10/2023 | $551.00 | WF-0191 |
| 2 | Elec | 10/10/2023 | $541.00 | WF-0191 |
| 3 | Elec | 9/11/2023 | $569.00 | WF-0191 |
| 4 | Elec | 8/10/2023 | $516.00 | WF-0191 |
| 5 | Elec | 7/10/2023 | $408.00 | WF-0191 |
| 6 | Elec | 6/12/2023 | $331.00 | WF-0191 |
| 7 | Elec | 5/10/2023 | $268.00 | WF-0191 |
| 8 | Elec | 4/10/2023 | $207.00 | WF-0191 |
| 9 | Elec | 3/10/2023 | $96.00 | WF-0191 |
| 10 | Elec | 2/10/2023 | $178.00 | WF-0191 |
| 11 | Elec | 1/13/2023 | $8,000.00 | WF-0191 |
| 12 | Elec | 1/11/2023 | $263.00 | WF-0191 |
| 13 | Elec | 12/12/2022 | $246.00 | WF-0191 |
| 14 | Elec | 11/14/2022 | $236.00 | WF-0191 |
| 15 | Elec | 10/11/2022 | $172.00 | WF-0191 |
| 16 | Elec | 9/12/2022 | $113.00 | WF-0191 |
| 17 | Elec | 8/11/2022 | $130.00 | WF-0191 |
| 18 | Elec | 7/18/2022 | $5,411.05 | WF-0191 |
| 19 | Elec | 7/12/2022 | $131.00 | WF-0191 |
| 20 | Elec | 6/13/2022 | $159.00 | WF-0191 |
| 21 | Elec | 5/16/2022 | $6,779.53 | WF-0191 |
| 22 | Elec | 5/11/2022 | $141.00 | WF-0191 |
| 23 | Elec | 4/12/2022 | $93.00 | WF-0191 |
| | | **2-Year Total** | **$25,539.58** | |

---

[1] "Elec" refers to electronic payments from Debtor's account(s).
[2] "WF-0191" refers to Debtor's bank account at Wells Fargo Bank, Account No. 3787360191.

# Exhibit "2" (Four-Year Transfers)

| | Elec[3] | Date | Amount | From Acct#[4] |
|---|---|---|---|---|
| 1 | Elec | 11/10/2023 | $551.00 | WF-0191 |
| 2 | Elec | 10/10/2023 | $541.00 | WF-0191 |
| 3 | Elec | 9/11/2023 | $569.00 | WF-0191 |
| 4 | Elec | 8/10/2023 | $516.00 | WF-0191 |
| 5 | Elec | 7/10/2023 | $408.00 | WF-0191 |
| 6 | Elec | 6/12/2023 | $331.00 | WF-0191 |
| 7 | Elec | 5/10/2023 | $268.00 | WF-0191 |
| 8 | Elec | 4/10/2023 | $207.00 | WF-0191 |
| 9 | Elec | 3/10/2023 | $96.00 | WF-0191 |
| 10 | Elec | 2/10/2023 | $178.00 | WF-0191 |
| 11 | Elec | 1/13/2023 | $8,000.00 | WF-0191 |
| 12 | Elec | 1/11/2023 | $263.00 | WF-0191 |
| 13 | Elec | 12/12/2022 | $246.00 | WF-0191 |
| 14 | Elec | 11/14/2022 | $236.00 | WF-0191 |
| 15 | Elec | 10/11/2022 | $172.00 | WF-0191 |
| 16 | Elec | 9/12/2022 | $113.00 | WF-0191 |
| 17 | Elec | 8/11/2022 | $130.00 | WF-0191 |
| 18 | Elec | 7/18/2022 | $5,411.05 | WF-0191 |
| 19 | Elec | 7/12/2022 | $131.00 | WF-0191 |
| 20 | Elec | 6/13/2022 | $159.00 | WF-0191 |
| 21 | Elec | 5/16/2022 | $6,779.53 | WF-0191 |
| 22 | Elec | 5/11/2022 | $141.00 | WF-0191 |
| 23 | Elec | 4/12/2022 | $93.00 | WF-0191 |
| 24 | Elec | 3/11/2022 | $124.00 | WF-0191 |
| 25 | Elec | 3/9/2022 | $5,829.00 | WF-0191 |
| 26 | Elec | 2/11/2022 | $154.00 | WF-0191 |
| 27 | Elec | 1/11/2022 | $6,900.00 | WF-0191 |
| 28 | Elec | 12/10/2021 | $186.00 | WF-0191 |
| 29 | Elec | 11/11/2021 | $113.00 | WF-0191 |
| 30 | Elec | 10/12/2021 | $80.00 | WF-0191 |
| 31 | Elec | 9/7/2021 | $6,013.83 | WF-0191 |
| 32 | Elec | 9/132021 | $128.00 | WF-0191 |
| 33 | Elec | 8/11/2021 | $79.00 | WF-0191 |
| 34 | Elec | 7/10/2021 | $49.00 | WF-0191 |

[3] "Elec" refers to electronic payments from Debtor's account(s).
[4] "WF-0191" refers to Debtor's bank account at Wells Fargo Bank, Account No. 3787360191.

| 35 | Elec | 6/11/2021 | $159.00 | WF-0191 |
| 36 | Elec | 5/17/2021 | $3,826.89 | WF-0191 |
| 37 | Elec | 5/11/2021 | $127.00 | WF-0191 |
| 38 | Elec | 4/12/2021 | $155.00 | WF-0191 |
| 39 | Elec | 4/6/2021 | $5,000.00 | WF-0191 |
| 40 | Elec | 3/11/2021 | $118.00 | WF-0191 |
| 41 | Elec | 2/11/2021 | $153.00 | WF-0191 |
| 42 | Elec | 2/2/2021 | $3,000.00 | WF-0191 |
| 43 | Elec | 1/12/2021 | $130.00 | WF-0191 |
| 44 | Elec | 12/112020 | $105.00 | WF-0191 |
| 45 | Elec | 11/12/2020 | $89.00 | WF-0191 |
| 46 | Elec | 10/13/2020 | $86.00 | WF-0191 |
| 47 | Elec | 9/11/2020 | $79.00 | WF-0191 |
| 48 | Elec | 8/11/2020 | $131.00 | WF-0191 |
| 49 | Elec | 7/28/2020 | $3,000.00 | WF-0191 |
| 50 | Elec | 7/13/2020 | $124.00 | WF-0191 |
| 51 | Elec | 7/13/2020 | $2,000.00 | WF-0191 |
| 52 | Elec | 6/11/2020 | $137.00 | WF-0191 |
| 53 | Elec | 6/5/2020 | $3,000.00 | WF-0191 |
| 54 | Elec | 5/12/2020 | $122.00 | WF-0191 |
| 55 | Elec | 4/13/2020 | $97.00 | WF-0191 |

**4-Year Total**    **$66,834.30**

# JAMES B. MILLER

ATTORNEY AT LAW

19 WEST FLAGLER ST.
SUITE 416
MIAMI, FL 33130

Admitted:
--Florida Bar
--Federal    District    Courts
(Middle and Southern Districts
of Florida)

Member:
--Bankruptcy  Bar,  Southern
District of Florida
--Federal Bar Association

TELEPHONE (305) 374-0200

TELECOPIER (305) 374-0250

JAMES B. MILLER
jbm@title11law.com

November 17, 2025

<u>Via Mail:</u>
**Capital One Bank, USA, N.A.**
Attn: Richard D. Fairbank, as President
1680 Capital One Drive
Mclean, VA 22102

Re: *In re: X Auto Import & Export Crop.*, Case No. 24-13406-RAM

Dear Mr. Fairbank,

On April 9th, 2024, X Auto Import & Export Corp ("**Debtor**") filed a voluntary bankruptcy petition under Chapter 7 of Title 11 of the United States Code. My client, Jacqueline Calderin, is the duly appointed, permanent Chapter 7 bankruptcy trustee in this Case.

The purpose of this letter is to inquire about certain transfers made by the Debtor to you totaling $66,834.30. Based upon the information available to us, together with our understanding of the nature of the Debtor's financial affairs during the applicable time period, it appears that the transfers identified on the list attached hereto as Exhibit "A" are avoidable and recoverable under 11 U.S.C. § 544, and 548, Chapter 726 of the Florida Statutes and/or the theory of unjust enrichment under Florida law.

Notwithstanding the foregoing, we understand that the Debtor's records may not be complete. Therefore, we are interested in receiving any documents, contracts, and/or invoices of the accounting and the evidence for the basis for the payment received, that may support any defense you may have in this matter. Please provide any such documents on or before fourteen (14) calendar days from the date of this letter. We are requesting a documented explanation of the

EXH. "3"

November 17, 2025
Page 2

transfers referenced on the attached spreadsheet so that we can more fully evaluate the Debtor's bankruptcy estate's potential claims and any potential defenses before commencing formal litigation. Your timely response to this letter will therefore be greatly appreciated.

Please contact us should you have any questions or concerns. Thank you.

Regards,

James B. Miller, Esq.

JBM/AS

November 17, 2025
Page 3

# Exhibit "A"

Debtor's EIN# 47-3598269
Principal Name: Rayan D'aza (SSN#6918)

|   | Elec | Date | Amount | From Acct# |
|---|------|------|--------|------------|
| 1 | Elec | 11/10/2023 | $551.00 | W-0191 |
| 2 | Elec | 10/10/2023 | $541.00 | W-0191 |
| 3 | Elec | 9/11/2023 | $569.00 | W-0191 |
| 4 | Elec | 8/10/2023 | $516.00 | W-0191 |
| 5 | Elec | 7/10/2023 | $408.00 | W-0191 |
| 6 | Elec | 6/12/2023 | $331.00 | W-0191 |
| 7 | Elec | 5/10/2023 | $268.00 | W-0191 |
| 8 | Elec | 4/10/2023 | $207.00 | W-0191 |
| 9 | Elec | 3/10/2023 | $96.00 | W-0191 |
| 10 | Elec | 2/10/2023 | $178.00 | W-0191 |
| 11 | Elec | 1/13/2023 | $8,000.00 | W-0191 |
| 12 | Elec | 1/11/2023 | $263.00 | W-0191 |
| 13 | Elec | 12/12/2022 | $246.00 | W-0191 |
| 14 | Elec | 11/14/2022 | $236.00 | W-0191 |
| 15 | Elec | 10/11/2022 | $172.00 | W-0191 |
| 16 | Elec | 9/12/2022 | $113.00 | W-0191 |
| 17 | Elec | 8/11/2022 | $130.00 | W-0191 |
| 18 | Elec | 7/18/2022 | $5,411.05 | W-0191 |
| 19 | Elec | 7/12/2022 | $131.00 | W-0191 |
| 20 | Elec | 6/13/2022 | $159.00 | W-0191 |
| 21 | Elec | 5/16/2022 | $6,779.53 | W-0191 |
| 22 | Elec | 5/11/2022 | $141.00 | W-0191 |
| 23 | Elec | 4/12/2022 | $93.00 | W-0191 |
| 24 | Elec | 3/11/2022 | $124.00 | W-0191 |
| 25 | Elec | 3/9/2022 | $5,829.00 | W-0191 |
| 26 | Elec | 2/11/2022 | $154.00 | W-0191 |
| 27 | Elec | 1/11/2022 | $6,900.00 | W-0191 |
| 28 | Elec | 12/10/2021 | $186.00 | W-0191 |
| 29 | Elec | 11/11/2021 | $113.00 | W-0191 |
| 30 | Elec | 10/12/2021 | $80.00 | W-0191 |
| 31 | Elec | 9/7/2021 | $6,013.83 | W-0191 |
| 32 | Elec | 9/132021 | $128.00 | W-0191 |
| 33 | Elec | 8/11/2021 | $79.00 | W-0191 |
| 34 | Elec | 7/10/2021 | $49.00 | W-0191 |

November 17, 2025
Page 4

| 35 | Elec | 6/11/2021 | $159.00 | W-0191 |
|----|------|-----------|---------|--------|
| 36 | Elec | 5/17/2021 | $3,826.89 | W-0191 |
| 37 | Elec | 5/11/2021 | $127.00 | W-0191 |
| 38 | Elec | 4/12/2021 | $155.00 | W-0191 |
| 39 | Elec | 4/6/2021 | $5,000.00 | W-0191 |
| 40 | Elec | 3/11/2021 | $118.00 | W-0191 |
| 41 | Elec | 2/11/2021 | $153.00 | W-0191 |
| 42 | Elec | 2/2/2021 | $3,000.00 | W-0191 |
| 43 | Elec | 1/12/2021 | $130.00 | W-0191 |
| 44 | Elec | 12/112020 | $105.00 | W-0191 |
| 45 | Elec | 11/12/2020 | $89.00 | W-0191 |
| 46 | Elec | 10/13/2020 | $86.00 | W-0191 |
| 47 | Elec | 9/11/2020 | $79.00 | W-0191 |
| 48 | Elec | 8/11/2020 | $131.00 | W-0191 |
| 49 | Elec | 7/28/2020 | $3,000.00 | W-0191 |
| 50 | Elec | 7/13/2020 | $124.00 | W-0191 |
| 51 | Elec | 7/13/2020 | $2,000.00 | W-0191 |
| 52 | Elec | 6/11/2020 | $137.00 | W-0191 |
| 53 | Elec | 6/5/2020 | $3,000.00 | W-0191 |
| 54 | Elec | 5/12/2020 | $122.00 | W-0191 |
| 55 | Elec | 4/13/2020 | $97.00 | W-0191 |

Total    $66,834.30